# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2014

Lyle W. Cayce
Clerk

No. 13-50742
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIO RODRIGUEZ-MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-785-1

Before JOLLY, DeMOSS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Pursuant to Federal Rule of Criminal Procedure 11(a)(2), Mario Rodriguez-Martinez (Rodriguez) pleaded guilty to possession with intent to distribute more than 500 grams of cocaine. In accordance with the terms of his plea agreement, Rodriguez challenges the denial of his motion to suppress the evidence. He argues that the evidence should be suppressed because the initial traffic stop was based upon an erroneous interpretation of the version of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50742

§ 502.409(a)(7) of the Texas Transportation Code in effect at the time of the stop. Specifically, he contends that the officer relied upon an earlier version of the statute in determining whether a traffic violation occurred.

"In reviewing the denial of a motion to suppress, the district court's factual findings are reviewed for clear error, and its legal conclusions, including whether there was reasonable suspicion for a stop, are reviewed de novo." *United States v. Jacquinot*, 258 F.3d 423, 427 (5th Cir. 2001). The evidence must be viewed in the light most favorable to the Government as the party that prevailed in the district court. *Id.*

The district court's factual finding that the license plate frame on Rodriguez's vehicle covered half of the state name on the license plate is not clearly erroneous. *See Jacquinot*, 258 F.3d at 427. The obstruction of the state name in such a manner constituted a violation of § 502.409(a)(7)(B), which has since been recodified at § 504.975(a)(7)(B) of the Texas Transportation Code. The district court's determination that the initial traffic stop was constitutionally permissible based on a violation of the statute was not erroneous. *See United States v. Raney*, 633 F.3d 385, 392 n.2 (5th Cir. 2011). Accordingly, the judgment is AFFIRMED.